CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 11 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALICE M. DEANE, | ) | CASE NO. 5:11CV00135 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MARSHALLS, INC.[1], et al, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendants. | ) | U. S. Magistrate Judge |

The defendants' motions to dismiss, with prejudice, plaintiff's December 8, 2011 *pro se* complaint have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The defendants seek dismissal with prejudice not only because they believe plaintiff has failed to state any claim upon which relief may be granted but also because they assert she has failed to exhaust administrative remedies, brought her claim beyond the periods allowed by the applicable statute of limitations, and that her claim is barred under the doctrine of *res judicata*. Believing that oral argument will not aid the decisional process, and for the reasons that follow, the undersigned dispenses with oral argument and RECOMMENDS that an Order enter GRANTING the defendants' motions and DISMISSING plaintiff's complaint from the docket of the court WITH PREJUDICE.

**CASE HISTORY AND PROCEDURAL BACKGROUND**

It is uncontested that plaintiff was an employee at the Virginia distribution center of defendant Marshalls' Bridgewater Merchants, Inc. ("Marshalls"), and it appears she worked there from April 14, 1997 through July 30, 2004. (Dkt. Nos. 1, at 1; 1-6.) Plaintiff alleges that

---

[1] In her complaint, plaintiff identified one the defendants, her former employer, as "Marshalls, Inc." (Dkt. No. 1.) The defendant since has pointed out that its actual name is Marshalls Bridgewater Merchants, Inc. (Dkt. No. 13, at 1.)

1

she was injured while on the job on August 20, 2003, specifically that she cut the third finger on her left hand on a hanger. (Dkt. Nos. 1, at 1; 1-5; 1-11; 29-1.) Plaintiff filed a claim for workers' compensation insurance benefits, which initially was denied. (Dkt. Nos. 1, at 1; 1-5; 1-8; 29-1.) Plaintiff alleges that she later was awarded benefits, though she asserts that her employer and the Workers' Compensation Commission resisted or refused to pay for her medical treatment on several occasions.[2] (Dkt. Nos. 1, at 1-2; 1-8; 18, at 2; 29, at 1-2; 29-5.) Plaintiff also filed for Social Security disability, originally alleging disability onset beginning on August 20, 2003. (Dkt. No. 1-3.)

Plaintiff claims that her employer originally accommodated her injury and assigned her to janitorial duties because of vocational limitations caused by medication side effects and as a result of restrictions placed on her by her "Workers Comp claims physicians" and by a Dr. Hatter. (Dkt. No. 18.) Plaintiff alleges that, on or about December 14, 2004, she was informed by Marshalls that she could not continue to perform her job until her medical work restrictions were lifted, and that the defendant "ordered me off it (*sic*) property." (Dkt. Nos. 1, at 2; 18.) She claims that Thomas Jayne, M.D., her treating psychiatrist, asked that she be allowed to return to work and her medical work restrictions be accommodated, but that Marshalls rejected his proposal. (Dkt. No. 18.)

On December 8, 2011, plaintiff filed the instant complaint asserting jurisdiction under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 et seq., against the defendants, Marshalls and American Casualty Corporation of Reading, Pennsylvania ("ACCO"). (Dkt. No. 1.) In her complaint, plaintiff claimed she was entitled to relief under the ADA, because the Social Security Administration had found on August 24, 2011 that she met the

---

[2] The pleadings are unclear on this point. It appears that plaintiff has been denied benefits, or at least certain forms of relief, by the Workers' Compensation Commission at other times. (Dkt. Nos. 1-2, 14-2.)

2

medical requirements for disability benefits. (Dkt. Nos. 1, at 1, 3; 1-13.) It is not entirely clear what relief plaintiff is seeking, but a fair reading of the complaint reveals she is seeking reinstatement to her former position at Marshall's with back pay. (Dkt. Nos. 1 at 3; 1-15; 28, at 3.)

On July 5, 2012, Marshalls filed a motion to dismiss plaintiff's complaint pursuant to rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 13.) On July 16, 2012, ACCO filed its own motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 19.) Roseboro Notices were issued fixing deadlines for plaintiff's response for July 30, 2012 and August 13, 2012 respectively. (Dkt. Nos. 16, 25.) Plaintiff filed three briefs in response to the defendants' motions before the Roseboro deadlines expired. (Dkt. Nos. 18, 28, 29.) On February 14, 2012, the presiding District Judge referred all dispositive motions to the undersigned to conduct proceedings and issue any such report and recommendation as may be necessary for their disposition. (Dkt. No. 4.)

**APPLICABLE LAW**

It is well established that the court is to liberally construe *pro se* pleadings, especially complaints involving a plaintiff's civil rights. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Terrell v. Bassett*, 353 F.Supp.2d 658, 660-661 (E.D.Va. 2005). The Supreme Court of the United States has held, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). By the same token, the federal courts may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards. *Holsey v. Collins*, 90 F.R.D. 122, 128 (D.C.Md. 1981); *Switzer v. Town of Stanley*, 2010 WL 4961912, at *2-3 (W.D.Va. December 1, 2010). Under Fed. R. Civ. P. 8(a), a claim must include: a short and plain

3

statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under Fed. R. Civ. P. 12(b)(6), a cause of action may be dismissed for "failure to state a claim upon which relief may be granted." The court must accept as true any factual allegations contained in the complaint, though it need not accept legal conclusions; and, to survive a motion to dismiss, a complaint must provide sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Facial "plausibility" lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged. *Id.* The complaint need not include detailed factual allegations, but the factual allegations must be more than a formulaic recitation of the elements of a cause of action and must raise a plausible right to relief above the speculative level. *Id.*

## DEFENDANTS' MOTIONS

The defendants have offered several grounds in support of their motions to dismiss with prejudice. They contend: (1) Plaintiff has failed to state a claim upon which relief can be granted against either or both of them; (2) Plaintiff has failed to exhaust her administrative remedies on any ADA claim, thus depriving the court of subject matter jurisdiction; (3) Plaintiff's claims are barred by the applicable statute of limitations; and (4) Plaintiff's claims are barred under the doctrine of *res judicata*.

Marshalls contends that plaintiff has not asserted a plausible claim on the face of the complaint, arguing that her claim and the relief sought under it are unclear, and that no grounds have been stated for the court to assert subject matter jurisdiction. (Dkt. No. 14, at 4.) Marshalls points out that this court has dismissed a prior complaint filed by the plaintiff for the same kinds of deficiencies, and it argues that this complaint is sufficiently similar as to again require dismissal. *Id.* at 4-5.

The undersigned agrees that it is very difficult to gain clarity from what plaintiff asserts in her complaint. The dates alleged are confusing and unclear, the actual claim she purports to assert is left to some interpretation, and the majority of plaintiff's alleged facts concern matters related to her claims for workers' compensation or Social Security disability benefits that have little or nothing to do with any currently viable federal claim under the ADA. Plaintiff appears to be asserting that the decision by Marshalls to not accommodate her medical work restrictions was an act of "institutional discrimination" and, therefore, a violation of the ADA. (Dkt. No. 18, at 2.) Of course, that would have occurred in 2004.

However, the basis for plaintiff's instant claim seems to rest in the August 24, 2011 decision by the Social Security Administration which granted her disability insurance benefits. (Dkt. No. 1, at 1, 3.) The fact that the Commissioner of Social Security has granted plaintiff disability benefits effective August 1, 2010 hardly relates to any claim for a violation of the ADA in 2004. (Dkt. Nos. 1, at 1-2; 1-13.) Ironically, being found disabled by the Social Security Administration would mean that plaintiff is unable to perform any substantial gainful activity in view of her age, training, experience, and impairments. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 801-802 (1999); 42 U.S.C. § 423. In contrast, the ADA protects disabled employees who are otherwise qualified to perform a job with or without

5

reasonable accommodations. *Cleveland*, 526 U.S. at 801-802; 42 U.S.C. § 12111(8). Claims under the ADA and the Social Security Act can conflict under certain circumstances, and it is the responsibility of the claimant to reconcile the conflict. *Cleveland*, 526 U.S. at 805-807; *EEOC v. Greater Baltimore Medical Center, Inc.*, 2012 WL 1302604, at *5-6 (4th Cir. April 17, 2012). While the grant of disability benefits effective August 2010 does not necessarily conflict with plaintiff's allegations that she was discriminated against on the basis of a disability in 2004, plaintiff has claimed before the SSA that she was unable to perform any substantial gainful activity. Yet, she now seeks reinstatement to the employment she enjoyed at the time of discharge. Plaintiff has not provided a sufficient explanation to reconcile these apparently competing claims.

Defendant ACCO also argues that plaintiff's complaint does not state a claim for relief against it. ACCO points out that, under the ADA, only an employee or former employee has a right of action against his/her employer. The defendant offers that because the plaintiff has failed to allege an employment relationship between plaintiff and ACCO, which ACCO further vouches she could not do, plaintiff has failed state a claim against it under the ADA. (Dkt. No. 20, at 4.) As a general matter, ACCO also points out that plaintiff failed to set forth a single allegation against it, or even reference this defendant's conduct apart from naming it as a defendant in the style of the complaint. *Id.* at 3.

ACCO's observations are accurate. It is clear to the undersigned that, apart from being named in the style of the complaint, plaintiff sets forth no operative facts and seeks no relief against ACCO under the ADA. 42 U.S.C. § 12111. For all of these reasons, plaintiff's complaint against both ACCO and Marshalls fails to satisfy the minimal pleading standards, even for a *pro se* plaintiff. The complaint should be dismissed against both parties.

6

Both defendants further argue that, even if plaintiff facially states a plausible claim, she has failed to exhaust the required administrative remedies available as a predicate to filing an ADA claim, and that any such claim is barred by the statute of limitations. (Dkt. Nos. 14, at 5-6; 20, at 4-5, 7.) The defendants point out that an individual must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful action as a prerequisite to filing a lawsuit. *Id.* They contend that plaintiff has not alleged or set forth any facts showing that she timely filed a charge with the EEOC, or otherwise secured a right to sue. *Id.* Accordingly, they argue that plaintiff's ADA claim is barred.

In order for federal courts to acquire jurisdiction over an ADA claim, the claimant must timely exhaust his/her administrative remedies. 42 U.S.C. 2000e-5(e); 42 U.S.C. 2000e-5(f). The plaintiff's pleadings suggest she filed a charge with the EEOC more than one year *prior* to her discharge, clearly before the alleged discriminatory action took place. (Dkt. Nos. 14-1; 18, at 2.) There is no indication that plaintiff ever filed an administrative charge under the ADA within 300 days of the alleged discriminatory employment action.[3] Plaintiff has had opportunities to demonstrate that she had timely exhausted her administrative remedies under the ADA, in either her initial complaint or responsive briefs. That failing, the undersigned must find on the face of the pleadings that plaintiff's claim is time barred, and that this court is without subject matter jurisdiction over her purported ADA claim.

---

[3] Plaintiff has provided a document indicating that she filed a "Charge of Discrimination" against Marshalls with the Virginia Council on Human Rights. However, the Charge does not mention the ADA and indicates that plaintiff was discharged in 2006 in retaliation for her previous EEOC filing. (Dkt. No. 29-8.) While the document is not dated or signed, it is apparent that it was filed sometime after June 5, 2006, more than 300 days after the discrimination alleged in her complaint. Furthermore, plaintiff does not indicate the disposition of the purported charge. Accordingly, plaintiff has failed to adequately plead compliance with the administrative requirements under the ADA.

7

Finally, Marshalls argues that plaintiff's claims are barred by the doctrine of *res judicata*. It contends that plaintiff has instituted numerous actions in state court and "at least four separate actions in this Court related to her claims herein." (Dkt. No. 14, at 7.) It points out that this court has dismissed each of her previous complaints and has found one complaint barred by *res judicata*. *Id.* The doctrine of *res judicata* bars parties or those in privity with them from re-litigating issues that were raised or could have been raised in a previous action on which a final judgment on the merits was entered. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir.2004). *Res judicata* operates where there is: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Here, there is no question that plaintiff has instituted several actions against Marshalls over the same subject matter, namely her discharge, and has sought the same relief. (Dkt. No. 14-1); *Deane v. Marshalls*, 7:06-mc-00031, Dkt. 2 (May 25, 2006). The vast majority of plaintiff's evidence concerns workers' compensation and social security disability matters that formed the bases of her claims, though she previously has referenced the ADA to support the relief sought. (Dkt. No. 14, at 7); *Deane v. Marshalls*, 7:06-mc-00031, Dkt. 2 (May 25, 2006). These claims were addressed or could have been addressed by the state courts, which provided the basis for the application of *res judicata* in her prior action in this district. *Deane v. Marshalls*, 7:06-mc-00031, Dkt. 7 (July 26, 2006). Therefore, to the extent that plaintiff is merely reprising state law claims for compensation and discriminatory discharge against Marshalls, they are barred by *res judicata*. Though plaintiff asserts that the basis of the instant claim is the August 24, 2011 decision by the Social Security Administration finding her disabled and awarding disability insurance benefits, those allegations are not material here. (Dkt. No. 1,

8

at 1.) The fact that plaintiff has been granted Social Security disability benefits beginning in 2010 has no bearing on whether Marshalls discriminated against her on the basis of her alleged disability in 2004. Because this new allegation adds nothing materially new to plaintiff's previously adjudicated complaints against her former employer, the undersigned finds that plaintiff's instant claim against Marshalls is barred by *res judicata*.

For these reasons, the undersigned RECOMMENDS that an Order enter GRANTING the defendants' motions and DISMISSING plaintiff's complaint WITH PREJUDICE from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

9/11/12
Date