IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ALICE M. DEANE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:11cv00135 |
| | ) |
| v. | ) |
| | ) By:  Michael F. Urbanski |
| MARSHALLS, INC., et al., | )       United States District Judge |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on the motions to dismiss filed by defendants Marshalls Inc. (Dkt. # 13) and American Casualty Co. of Reading, PA ("ACCO") (Dkt. # 19) pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motions were referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of the motions.  On September 11, 2012, the Magistrate Judge issued a Report and Recommendation recommending that defendants' motions to dismiss be granted.  On September 17, 2012, plaintiff filed her objections to the Report and Recommendation (Dkt. # 31).

After review of the Report and Recommendation and plaintiff's objections thereto, it is clear that the Report and Recommendation must be adopted and this case be dismissed with prejudice.

**I.**

This action stems from plaintiff's allegation that she was injured on the job while working at the Virginia distribution center of defendant Marshalls Bridgewater Merchants, Inc.[1] ("Marshalls") on August 20, 2003.  Plaintiff, a pro se litigant, claims she received some workers' compensation insurance benefits, and Marshalls accommodated her injury by assigning her to limited duties due to medication side effects and work restrictions prescribed by physicians. Plaintiff further alleges that Marshalls forced her off its property on December 14, 2004 because she could not perform her job due to her medical work restrictions.[2]

Plaintiff filed a claim for benefits with the Virginia Workers' Compensation Commission ("VWC") on June 25, 2004 for her August 20, 2003 injury.[3] Deane v. Marshalls, Inc., VWC File No. 219-35-94 at 2 (April 25, 2005).[4]  When her initial compensation claim was denied, she stopped working for Marshalls.  Id. at 3.  Marshalls offered her a light duty cleaning job that plaintiff refused, and in July 2004, Marshalls offered plaintiff a light duty job labeling boxes.  Id. at 4.  Plaintiff performed that job for several days but stopped working on July 5, 2004.  Id. Plaintiff did not seek alternative employment and did not return to work at Marshalls.  Id.  On review of its original denial of compensation to plaintiff, the VWC awarded medical benefits "for as long as necessary" related to plaintiff's "left long/third finger and resulting tendonitis."

---

[1] Plaintiff identified one defendant, her former employer, as "Marshalls, Inc." in her complaint. Dkt. # 1. In its motion to dismiss defendant informed the court its actual name is Marshalls Bridgewater Merchants, Inc. Dkt. # 13 at 1.

[2] Plaintiff attached Dkt. #s 1-6 to her complaint which states her period of employment with Marshalls lasted from April 14, 1997 to July 30, 2004.

[3] Plaintiff's objections refer to a 2002 incident at Marshalls.  Plaintiff filed a grievance with the EEOC in 2003 that was denied.

[4] A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a 12(b)(6) motion into a motion for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).  See e.g., Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27, 855 F. Supp. 2d 476, 486 (D. Md. 2012).  A district court may take judicial notice of "matters of public record." Clark v. BASF Salaried Emps.' Pension Plan, 329 F.Supp.2d 694, 697 (W.D.N.C.2004). State court filings are matters of public record.  See, e.g., Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

Id. at 9.  The VWC denied any wage loss compensation or total disability compensation to plaintiff.  Id. at 8.

On July 13, 2004, plaintiff filed claims for disability insurance and supplemental social security income benefits.  Deane v. Astrue, No. 5:09-CV-00110, 2010 WL 2990180 at *1 (W.D. Va. July 29, 2010).  Her claims were denied after review by an Administrative Law Judge ("ALJ"), and the district court remanded the case for further consideration.  Id. at *1-2.  On remand, the ALJ again denied plaintiff's claims, and the district court affirmed.  Id. at *5. Plaintiff again filed for benefits with the Social Security Administration ("SSA") sometime in 2011. On August 24, 2011, the SSA awarded disability benefits finding a disability onset date of August 1, 2010.  (Dkt. # 1-13).[5]

Plaintiff filed this action on December 8, 2011, eight years after her alleged workplace injury and seven years after her employment with Marshalls ended, asserting jurisdiction under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 1201 et seq.  Plaintiff claims that Marshalls violated the ADA by refusing to accommodate her medical work restrictions. Additionally, plaintiff also believes that she is entitled to relief under the ADA because the SSA awarded her disability benefits on August 24, 2011.  Plaintiff appears to seek relief in the form of reinstatement to her former position at Marshall's and back pay from the date of her termination.

Defendants Marshalls and ACCO subsequently filed motions to dismiss contending: (1) plaintiff has failed to exhaust her administrative remedies on any ADA claim, thus depriving the court of subject matter jurisdiction; (2) plaintiff has failed to state a claim upon which relief can be granted against either or both of them; (3) plaintiff's claims are barred by the applicable statute of limitations; and (4) plaintiff's claims are barred under the doctrine of res judicata.

---

[5] The ALJ determined that plaintiff's mental conditions severely limited her "ability to carry out [her] usual activities, but there [was] no evidence to support that these conditions prevented [her] from working prior to 8/1/2010."  Id.

## II.

Both defendants argue that plaintiff has failed to exhaust her administrative remedies. A failure by plaintiff to timely exhaust her administrative remedies deprives the court of subject matter jurisdiction over her ADA claim. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 2000e-5(f). In order to exhaust her administrative remedies, plaintiff must have filed a claim with the EEOC within 300 days of any alleged discrimination. Id. The court agrees with the Magistrate Judge that nowhere in her complaint or subsequent briefs does plaintiff allege she filed a complaint with the EEOC within 300 days of her June or July separation from Marshalls. Plaintiff's pleadings suggest that she filed a complaint with the EEOC sometime in 2002 and again in 2006, but neither claim appropriately meets the procedural requirements. The claim filed in 2002 is well before any alleged discriminatory act in the complaint here, and the 2006 complaint was filed well beyond the 300 day filing period.[6] Therefore, the court lacks subject matter jurisdiction over the alleged ADA claim.

## III.

Even if somehow amongst plaintiff's multiple and myriad filings she has managed to exhaust her administrative remedies, defendants contend that plaintiff's complaint fails to assert a plausible claim because there is no clear claim or request for relief, and the complaint fails to assert subject matter jurisdiction. In his Report and Recommendation, the Magistrate Judge found that plaintiff failed to state a claim for "institutional discrimination" on behalf of Marshalls in violation of the ADA. The Magistrate Judge correctly noted plaintiff's being found disabled by the Social Security Administration means that plaintiff cannot perform any substantial gainful activity. The ADA is meant to protect disabled employees who are otherwise qualified to

---

[6] Moreover, plaintiff's 2006 complaint is a complaint for retaliation by Marshalls for filing her 2002 complaint with the EEOC. The 2006 complaint was subsequently dismissed by the EEOC because it was not filed within 300 days of the alleged discrimination. See Deane v. Marshalls, 7:06-MC-00031, Dkt. # 43-1 at 3-4.

perform a job with or without reasonable accommodation. See Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 801-802 (1999); 42 U.S.C. § 423; 42 U.S.C. § 12111(8). Furthermore, as regard to defendant ACCO, the Magistrate Judge correctly pointed out that the complaint fails to even mention ACCO, much less set forth an allegation against it, besides naming ACCO in the style of complaint.  The court agrees that the complaint fails to meet the minimum standards for pro se litigants and should be dismissed.

### IV.

Plaintiff has filed a written objection to the Report and Recommendation, which the court has reviewed.  Plaintiff's first objection to the Report and Recommendation appears to be that the Magistrate Judge was mistaken in finding that plaintiff was unable to perform any substantial gainful activity at Marshalls in 2004.  Plaintiff materially misunderstands the Magistrate Judge's finding.  The Magistrate Judge found that plaintiff's request for relief—reinstatement—is in direct contrast with the finding of the SSA that she is entitled to social security disability insurance.  The Magistrate Judge further found that the SSA's determination in 2011 does not have any effect on plaintiff's allegations that she was discriminated against because of a disability in 2004; in essence, the two are unrelated.  It is important to also note that the letter plaintiff attached as evidence of the SSA's determination notes that plaintiff did not have a qualifying disability before 8/1/2010.  (Dkt. #1-13).  In order to claim that her employer discriminated against her based on a disability under the ADA, she must rely on something more than the SSA's determination.

Plaintiff also notes and attaches a National Labor Relations Board ("NLRB") document which states that Unite, a labor organization, "restrained and coerced the employees of Marshalls, Inc. in the exercise of the rights guaranteed in Section 7 of the Act by informing

[plaintiff] she was terminated from her position with Marshalls, Inc. when in fact she was not terminated." (Dkt. # 31 at 6). Plaintiff uses this document to make the argument that she was discriminated against by being denied advancement and retention opportunities by Marshalls based on her work restrictions. There does not seem to be any relation between the NLRB document and plaintiff's claim. Furthermore, this document appears to have been filed on December 2, 2006—almost two years after plaintiff claims she was forced off the Marshalls property.[7]

Finally, plaintiff filed an addendum to her objection to the Report and Recommendation. There she claims she could not produce any of her EEOC records but states the records are available on the docket of an unrelated case formerly pending before the United States Court of Appeals for the Fourth Circuit. The court has taken notice of these documents and finds them unrelated to the claim plaintiff asserts here. See Deane v. Marshalls, 7:06-MC-00031, Dkt. # 43-1 at 3-4.[8]

## V.

For these reasons, plaintiff has failed to state a claim for which relief can be granted under Rule 12(b)(6). As such, an Order will be entered adopting the Report and Recommendation in its entirety and dismissing this action with prejudice.

Entered: November 30, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[7] The rest of plaintiff's objection to the R&R simply restates some of her medical conditions and alleges Marshall's denied her a promotion some time in 2002—before plaintiff's on the job injury—because of her restrictions.
[8] The first EEOC document relates to a claim plaintiff filed related to alleged discriminatory acts occurring between August 2, 2002 and October 22, 2002. The other EEOC document relates to alleged discrimination on June 5, 2006.