CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 18 2012

JULIA C. DUDLEY, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ALICE M. DEANE, | ) |
| Plaintiff, | ) Civil Action No.: 5:11cv135 |
| v. | ) |
| MARSHALLS, INC., et al., | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is plaintiff's post-judgment motion for reconsideration. (Dkt. No. 38.) Plaintiff believes that the court has failed to adequately address her claims and that the defendants have failed to answer her "discovery motions." The Court is required to construe pro se documents liberally, and such documents are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, the court will construe the pending motion as motion to reconsider filed under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

The Fourth Circuit has stated "that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][1] days after entry of the adverse judgment and seeks to correct that judgment." Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010). The Court adopted the Magistrate Judge's report and recommendation and entered final judgment in the case on November 30, 2012. (Dkt. Nos. 36 & 37.) Plaintiff filed her motion for reconsideration on December 5, 2012, within the twenty-eight

---

[1] In December 2009, after the filing of the motion before the court in Robinson, Rule 59(e) was amended to extend the relevant time period from ten days to twenty-eight days.

(28) day time limit. Therefore, her motion shall be analyzed as a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure.

Motions under Rule 59 are not to be made lightly. See Pac. Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (internal quotations omitted) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Rule 59(e) allows a court to grant a motion for reconsideration in three instances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff does not allege a change in controlling law. It does appear that plaintiff attached five (5) pages of medical records perhaps suggesting that new evidence not considered previously by the court exists. Additionally, plaintiff argues that there is a "conflict of what constitutes a compensable disability," a possible allusion to a clear error of law or manifest injustice. Having reviewed the pleadings, the court concludes that plaintiff's additional evidence is duplicative and cumulative, and the limited argument presented in the motion does not demonstrate that a clear error of law has occurred or that reversal is necessary to prevent manifest injustice.

In adopting the Magistrate Judge's report and recommendation, the court held that it lacked subject matter jurisdiction over this case because plaintiff failed to exhaust her administrative remedies. In her complaint, plaintiff claims that defendant Marshalls discriminated against her in July 2004. She did not file any claims with the Equal Employment Opportunity Commission ("EEOC") until 2006, well beyond the 300 day filing period. In her motion for reconsideration, plaintiff included five (5) pages of medical records. Nothing in these records, however, suggests that plaintiff timely filed a claim for the alleged July 2004

2

discrimination with the EEOC. The records merely indicate that plaintiff suffers from a myriad of ailments for which she was ultimately awarded Social Security disability benefits in August 2011. Ultimately, plaintiff's motion seeks only to rehash issues that this court has already heard and decided. Therefore, there is no basis to provide plaintiff with relief from final judgment in this case pursuant to Rule 59(e).

Accordingly, it is **ORDERED** that plaintiff's Motion for Reconsideration, (Dkt. No. 38), shall be **DENIED** for the reasons set forth above.

Entered: December 18, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge